

**ORDERED in the Southern District of Florida on December 12, 2011.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Beatriz Rojas

Case No: 11-36902-LMI
Chapter 13

_____Debtor_____/

### ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WOODSIDE APARTMENTS ASSOCIATION, INC.

THIS CASE came to be heard on November 1, 2011, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 9; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of the debtor's real property (the "Real Property") located at 16851 NE 23rd Avenue, Unit # B-221, NORTH MIAMI BEACH, FL 33160, and more particularly described as

Unit No. B221, of Woodside Apartments Condominium, a condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 8485, at Page 2034 of the Public Records of Miami-Dade County, Florida, as amended.

is $38,910.00 at the time of the filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien of Woodside Apartments Association, Inc. (the "Lender") is $168,361.40.

C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $0.

3.    [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's lien recorded on October 18, 2010, at OR BOOK 27457 Page 1580 of the official records of Miami Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4.    (Select only one):

  X    Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

  ___    Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Jacqueline C. Ledon, Esquire
Address: 3000 Biscayne Blvd., Suite 500
        Miami, FL 33137
Phone: 305-438-2401

Attorney Jacqueline C. Ledon is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.